**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE SOTO, MARGARITA SOTO, ARIANA SOTO, and JESSICA SOTO, on behalf of her minor children, I.S., R.F., and C.M, | ) | Case No. 21 C 01624 |
| Plaintiffs, | ) | Honorable Franklin U. Valderrama |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| v. | ) | Jury Trial Demanded |
| The VILLAGE OF BELLWOOD, Illinois, a municipal corporation, KEVIN BARNETT (#315), RANDAL BUCKNER (#338), ZACHARY HARVEY (#343), COREY O'NEAL (#319), PABLO RIGLOS (#313), JONATHAN ULIN (#347), & JALAN WALKER (#390), | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

NOW COME, the Plaintiffs, George Soto, Margarita Soto, Ariana Soto, and Jessica Soto, on behalf of I.S., R.F., C.M., minors, by and through their attorneys, Andrew M. Stroth, Action Injury Law Group, LLC and Julian Johnson, The Law Office of Julian Johnson, LLC, and in complaining of the Defendants, the Village of Bellwood, Kevin Barnett, Randal Buckner, Zachary Harvey, Corey O'Neal, Pablo Riglos, Jonathan Ulin, and Jalan Walker state as follows:

**INTRODUCTION**

1. This is a Section 1983 Civil Rights action against Defendants for violations of Plaintiffs' constitutional rights.

2. On March 17, 2021, at approximately 1:30 a.m., Plaintiffs George and Margarita Soto were sleeping in their home. Inside with them were Ariana Soto and three minor children, ages 10, 15,

and 13 years old. Unknown to them, several heavily armed members of a West Suburban Taskforce had surrounded their home and were lurking in the shadows.

3. Plaintiffs saw several individuals moving outside their home but did not know who they were as no police officer announced his office and there were no police cars present. Before Plaintiffs could determine what was going on, several armed police officers entered their home and pointed long guns at them. Minor I.S., age 15, was handcuffed and removed barefoot from the home and driven away, and not returned for several minutes. Plaintiff George Soto was violently thrown to the ground by police officers and an officer pressed his knee into Mr. Soto's back. The force used by the officer was so excessive that it fractured Plaintiff George Soto's back.

4. Bellwood Police refused to tell Plaintiffs what was going on. During this time, the officers unlawfully terrorized and detained Plaintiffs and searched their home. Plaintiffs later learned that the officers were looking for an individual Plaintiffs did not know and that the police received a report of a murder occurring in the Soto home. The report received by the police department was a prank call.

## JURISDICTION & VENUE

5. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

6. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

7. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

## PARTIES

8. Plaintiff George Soto is a resident of Bellwood, IL.

9. Plaintiff Margarita Soto is a resident of Bellwood, IL.

10. I.S. is a minor child and the son of Plaintiff Jessica Soto. I.S. is a resident of Bellwood, IL.

11. R.F. is a minor child and the son of Plaintiff Jessica Soto. R.F. is a resident of Bellwood, IL.

12. C.M. is a minor child and the daughter of Plaintiff Jessica Soto. C.M. is a resident of Bellwood, Illinois.

13. Ariana Soto is a resident of Bellwood, IL.

14. At all relevant times, Defendants Kevin Barnett, Randal Buckner, Zachary Harvey, Corey O'Neal, Pablo Riglos, Jonathan Ulin, and Jalan Walker were Village of Bellwood Police Officers, employed by Defendant Village of Bellwood, acting under color of law and within the course and scope of their employment.

15. Defendant Village of Bellwood is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case, was the employer and principal of Defendants Kevin Barnett, Randal Buckner, Zachary Harvey, Corey O'Neal, Pablo Riglos, Jonathan Ulin, and Jalan Walker. Should Plaintiffs prevail on their claims, Defendant Village of Bellwood must indemnify Defendants Kevin Barnett, Randal Buckner, Zachary Harvey, Corey O'Neal, Pablo Riglos, Jonathan Ulin, and Jalan Walker on Plaintiffs' claims pursuant to 735 ILCS 10/9-102.

## **FACTS**

16. At approximately 1:35 a.m. the Individual Defendants entered Plaintiffs George and Margarita Soto's home located in Bellwood, IL.

17. Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, and Walker pointed their rifles and handguns at Mr. and Mrs. Soto, their minor grandchildren I.S., R.F. and CM, and daughter Ariana.

18. Defendant Walker seized I.S., placed him in handcuffs, and removed him from the home. I.S. had committed no crimes nor was he suspected of committing any crimes at the time he was unlawfully seized.

19. Defendant Walker drove I.S. away from the home, questioned him, and detained him.

20. Plaintiffs George and Margarita Soto asked what was going on. However, no answer was provided from the officers.

21. Defendant Harvey violently threw Plaintiff George Soto to the ground and pressed his knee into Mr. Soto's back.

22. Mr. Soto pled with the officer to remove his knee and told the officer that he could not breathe. Mr. Soto's pleas were ignored. The officer fractured Mr. Solo's back.

23. Plaintiffs Margarita Soto, R.F., C.M., and Ariana Soto continued to have weapons pointed at them and were told they could not move or leave the residence by Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, and Ulin.

24. As Plaintiffs were being detained, Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, and Ulin searched the entire Soto home.

25. This search was done without consent or a warrant and went beyond the bounds of a protective sweep and a plain view search.

26. After several minutes of searching the home, Defendant Sergeant O'Neal came to Plaintiffs George and Margarita Soto and showed them a document and asked them if they knew an individual by the name of Daniel Garcia.

27. Plaintiffs George and Margarita Soto informed Defendant Sergeant O'Neal that they did not know that individual.

28. Defendant Sergeant O'Neal then informed Plaintiffs that they had received a call reporting that someone was shot inside the Soto home with an assault weapon and that weapon was still in the house.

29. Prior to arriving at the home, neither the Bellwood Police Department nor any of the Defendant Officers received any reports from any person that lived near the Soto home reporting gunfire coming from the Soto home.

30. Upon entry into the home, it was quickly apparent to the Defendant Officers that no crime had been committed in the home, yet they proceeded with their unconstitutional search and seizure of the Plaintiffs.

31. Upon information and belief, the Defendant Officers entered the Soto home with the intent of searching for a weapon.

32. After being detained and questioned, I.S. was brought back to the Soto home by Defendant Walker, who seized I.S., and allowed to return to his family.

33. Plaintiffs suffered emotional injuries as a result of this incident.

34. Plaintiff George Soto suffered a fracture to his back as a result of the excessive force used against him by Defendant Harvey causing him severe physical pain.

**COUNT I**
**(42 U.S.C. § 1983 — Unlawful Search)**
**George & Margarita Soto Against Barnett, Buckner, Harvey, O'Neal, Riglos, & Ulin**

35. Plaintiffs reallege and incorporate the factual allegations in paragraphs 1-34 as if fully stated herein.

36. Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, and Ulin entered and searched Plaintiff George and Margarita Soto's home without any legal justification, in violation of the Fourth Amendment to the United States Constitution.

37. As a direct and proximate result of the illegal search of Plaintiff George and Margarita Soto's home, they suffered damages, including but not limited to, property loss and emotional distress.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT II**
**(42 U.S.C. § 1983 — Unlawful Seizure)**
**All Plaintiffs Against Defendant Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, & Walker**

38. Plaintiffs reallege and incorporate the factual allegations in paragraphs 1-34 as if fully stated herein.

39. As described above, Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, and Walker detained Plaintiffs while they unlawfully searched their home without any legal justification to do so, in violation of the Fourth Amendment to the United State's Constitution.

40. Defendant Walker also unlawfully seized and detained I.S. without legal justification.

41. As a direct and proximate result of the illegal seizures of Plaintiffs' persons, they have suffered damages, including, but not limited to, emotional pain and suffering.

**WHEREFORE,** Plaintiff's demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT III**
**(42 U.S.C. § 1983 — Supervisory Liability)**
**All Plaintiffs Against Defendants Buckner & O'Neal**

42. Plaintiffs reallege and incorporate the factual allegations in paragraphs 1-34 as if fully stated herein.

43. Defendant Master Sergeants Bucker and O'Neal were present at the location when the Defendants Barnett, Harvey, Riglos, Ulin, and Walker unlawfully entered and searched Plaintiffs' home and conducted an unlawful search of the Plaintiffs' home.

44. Upon information and belief, Defendants Buckner and O'Neal were sergeants and supervisors with the Village of Bellwood Police Department, and as such, it was their responsibility to supervise the conduct of the other officers who illegally detained the Plaintiffs, as well as illegally entered and searched the Plaintiffs' home.

45. Rather than properly supervising Defendants Barnett, Harvey, Riglos, Ulin, and Walker, Defendant Sergeants Buckner and O'Neal condoned their unlawful behavior and approved of the illegal search, excessive force, and unlawful seizure of Plaintiffs.

46. As a direct and proximate result of Defendant Sergeants Buckner and O'Neal's failure to supervise Defendants Barnett, Harvey, Riglos, Ulin, and Walker, Plaintiffs' home was illegally entered and searched and Plaintiffs were unlawfully detained, and they suffered damages, including but not limited to emotional pain and suffering.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT IV**
**(Illinois State Law – Intentional Infliction of Emotional Distress)**
**All Plaintiffs All Defendants**

47. Plaintiffs reallege and incorporate the factual allegations in paragraphs 1-34 as if fully stated herein.

48. As described more fully above, the conduct of Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, and Walker, and the Village of Bellwood, through its agents and employees, was extreme and outrageous in numerous ways, as stated more fully in and through this Complaint.

49. Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, and Walker, and the Village of Bellwood, through its agents and employees, knew that their misconduct had a high probability of inflicting severe emotional distress on Plaintiffs.

50. Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, and Walker, and the Village of Bellwood, through its employees and agents, misconduct caused Plaintiffs to experience severe emotional distress.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT V**
**(Illinois State Law — Battery)**
**Plaintiff George Soto Against Harvey & The Village of Bellwood**

51. Plaintiffs reallege and incorporate the factual allegations in paragraphs 1-34 as if fully stated herein.

52. As described more fully above, the misconduct committed by Defendant Harvey, and the Village of Bellwood, through its employees and agents, include making physical contact with Plaintiff George Soto in numerous ways that were offensive and harmful.

53. The offensive contact alleged herein was made without legal justification.

54. As a result of the offensive contact, Plaintiff George Soto suffered physical injuries. In addition, Plaintiff George Soto suffered damages, pain and suffering, and monetary expense.

**WHEREFORE,** Plaintiff George Soto demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT VI**
**(Illinois State Law — Assault)**
**All Plaintiffs Against All Defendants**

55. Plaintiffs reallege and incorporate the factual allegations in paragraphs 1-34 as if fully stated herein.

56. The actions of Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, and Walker, and the Village of Bellwood, through its employees and agents, as set forth above, including drawing and pointing their weapons at Plaintiffs, created a reasonable apprehension in Plaintiffs of immediate harmful contact to their persons.

57. Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, and Walker, and the Village of Bellwood, through its agents and employees, intended to bring about apprehensions of immediate harmful contact to Plaintiffs or knew that their actions would bring about such apprehensions.

58. Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, and Walker's actions were the direct and proximate cause of Plaintiffs' apprehensions.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT VII**
**(42 U.S.C. § 1983 — Excessive Force)**
**Plaintiff George Soto Against Defendant Harvey**

59. Each of the foregoing paragraphs is incorporated as if fully restated herein.

60. As described in the above paragraphs, Defendant Harvey used excessive force against Plaintiff George Soto, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

61. The actions of Defendant Harvey were intentional and committed with reckless disregard for Plaintiff George Soto's rights.

62. As a direct and proximate consequence of Defendant Harvey's misconduct, Plaintiff George Soto suffered damages, including emotional distress, pain and suffering and, other damages which will be proven at trial.

**WHEREFORE,** Plaintiffs demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT VIII**
**Indemnification**
**Against The Village of Bellwood**

63. At all relevant times, Defendant Village of Bellwood was the employer of the Defendant Officers.

64. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

65. Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, and Walker committed the alleged acts under the color of law and in the course and scope of their employment with the Village of Bellwood.

66. As a proximate cause of Defendants Barnett, Buckner, Harvey, O'Neal, Riglos, Ulin, and Walker's unlawful acts, which occurred within the course and scope of their employment activities, Plaintiffs suffered physical, monetary, and emotional injuries.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

**DATED**: January 20, 2022

Respectfully Submitted,

By: /s/ Andrew M. Stroth

One of Plaintiff's Attorneys
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: 844 878 4529
astroth@actioninjurylawgroup.com

/s/ Julian Johnson

One of Plaintiff's Attorneys
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: 312-487-1711

Fax: 312-300-4029
julian@julianjohnsonlaw.com